## CLARK and another vs. GILBERT.

1. ATTACHMENT—AFFIDAVIT. An affidavit for an attachment under the law of 1839, charging fraud, *as the affiant verily believes*, with an indorsement of the officer thereon, that he is satisfied *that the matters therein set forth are true*, is sufficient.

2. SAME. If the affidavit is in proper form under the statute, the certificate of the officer that he is satisfied, is all that is required.

3. SHAM PLEA. A plea in abatement of a misnomer of a defendant for want of the addition of "junior" to his name, may be regarded as a sham plea and treated as a nullity.

ERROR to the District Court for *Dane* County.

The case is stated in the opinion of the court.

*Edward V. Whiton* and *Moses M. Strong*, for plaintiffs in error, contended that the affidavit upon which the attachment issued was not sufficient, that it stated neither facts nor circumstances, but mere belief. The decisions in New York say, that proof of facts and circumstances must be made, and that belief is not sufficient *Vosburgh v. Welch*, 11 Johns. 175; *Talman v. Bigelow*, 10 Wend. 412. Our statute requires the officer to be satisfied of facts, and the court should examine the affidavit, and see whether it contains matter sufficient, *legally* to satisfy him that the facts existed, and if it does not the writ should be quashed. See the case of *Morrison* v. *Ream*,

*ante*, 244. The indorsement of the officers does not show that he was satisfied of the existence of any fact that would authorize the writ to issue ; it only shows that he was satisfied that the affiant *believed* the facts. Belief itself is not sufficient, and satisfaction of belief amounts to nothing. The affidavit is also defective, in not stating the nature and amount of the indebtedness.

*Field & Botkin*, for defendants in error.

MILLER, J. The plaintiffs in error were defendants in an action of assumpsit commenced by the defendant in error in the district court for Dane county, by attachment. The affidavit for the attachment was made before the clerk of the said court, before the attachment law was amended, and is as follows: " William H. Bruce, agent of *Francis Gilbert*, being duly sworn, doth depose and say, that *Satterlee Clark* and *Henry Jones*, by the name of *Clark & Jones*, are justly indebted to the said *Gilbert*, in the sum of $305.50, on a note of hand and balance of account, and that he verily believes that said *Clark & Jones* are about fraudulently to dispose of their property, so as to hinder their creditor, the said *Gilbert :* " On which the clerk make this indorsement: " The above affidavit, being subscribed and sworn to, is to me satisfactory evidence that the matters therein set forth are true.

A motion was made in the district court on the part of the defendants, to quash the writ for insufficiency of the affidavit, and also of the indorsement of satisfaction by the clerk. The motion was overruled, and this forms the assignment of error in this court.

An inspection of the paper is sufficient to satisfy the court that the district court did not err. The affidavit is complete, according to the form, under the statute before the amendment. The certificate of the officer is all that is required. We understand by it that the officer was satisfied that the defendants were about fraudulently to dispose of their property, so as to hinder their creditor, the plaintiff.

On the 26th day of July, which was the ninth day of the term, the plaintiff in error filed, as an additional error, that the court erred in overruling the plea in abate- . ment, no issue of law or of fact having being made upon it.   This plea in abatement is on the alleged ground, that *Satterlee Clark* is known as *Satterlee Clark, Junior*, and is not so styled in the record, etc.   The rules of court require the assignment of errors to be filed on the first day of the term, and the court are under no obligations to notice any filed afterward.   The court will notice an error apparent on the record when necessary, for the sake of justice; but this appears too trivial to require any attention from us.   And after a motion was filed by defendants to dismiss for reasons filed, the court, no doubt, considered this plea as scarcely deserving more than a mere passing notice, and no doubt treated it as a sham plea.

Judgment affirmed with costs.